UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT OMAR PRATT, JR.,

    Plaintiff,

v.                          CAUSE NO. 3:21-CV-320 DRL-MGG

LaPORTE COUNTY *et al.*,

    Defendants.

## OPINION AND ORDER

Robert Omar Pratt, Jr., a prisoner without a lawyer, filed a complaint alleging he was denied adequate medical treatment at the LaPorte County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

He names seven defendants, but only describes the actions of one. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Here, without any factual allegations explaining how six of the defendants violated his constitutional rights, the claims against them must be dismissed.

Mr. Pratt alleges he was unable to sleep and became delusional because he was denied Seroquel.[1] ECF 1 at 3. He alleges he wrote to Mrs. Walker on April 2, 2021, and told her of his impending psychosis. *Id*. He alleges she is in charge of mental health treatment at the LaPorte County Jail. *Id*. He alleges she refused him medical treatment and he was placed in disciplinary segregation after he said he might hurt someone. ECF 1 at 4.

A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the

---

[1] Seroquel is a brand name for quetiapine which is "used to treat the symptoms of schizophrenia[,] to treat [and prevent] episodes of mania[,] or depression in patients with bipolar disorder[, and] to treat depression." U.S. National Library of Medicine, https://medlineplus.gov/druginfo/meds/a698019.html.

actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Here, it is possible Mrs. Walker acted reasonably, but that is not clear based on the facts alleged. Because the complaint has plausibly alleged she did not, Mr. Pratt will be allowed to proceed against her for a violation of the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS Robert Omar Pratt, Jr. leave to proceed against Mrs. Walker in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for delusional psychosis on April 2, 2021, at the LaPorte County Jail in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES LaPorte County, Holt, Dingy, Purcel, Longski, and Miller;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mrs. Walker at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS LaPorte County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mrs. Walker to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 13, 2021              *s/ Damon R. Leichty*
                          Judge, United States District Court