UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT OMER PRATT, JR.,

    Plaintiff,

    v.                                        CAUSE NO. 3:21-CV-320-MGG

WALKER,

    Defendant.

## OPINION AND ORDER

Robert Omer Pratt, Jr., a prisoner without a lawyer, is proceeding in this case against Tyra Robinson-Walker "in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment for delusional psychosis on April 2, 2021, at the LaPorte County Jail in violation of the Fourteenth Amendment[.]" ECF 4 at 3. Specifically, Pratt alleged in his complaint he submitted a mental health request to Walker on April 2, 2021, telling her he had impending psychosis and requesting Seroquel, but she refused him medical treatment. ECF 1 at 3. On February 25, 2022, Walker filed a motion for summary judgment. ECF 29. With the motion, Walker provided Pratt the notice required by N.D. Ind. L.R. 56-1(f). ECF 30-1. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within twenty-eight days after the moving party served the motion, separately file" (1) a response brief, and (2) a Response to Statement of Material Facts

which responds to each material fact and cites to evidence supporting each dispute. This deadline passed nearly a month ago, but Pratt has not responded. Therefore the court will now rule on Walker's motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018). Claims of inadequate medical care while in pretrial detention are subject to an objective-reasonableness standard. *Id*. at 352. The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a twofold showing. First, he must show the defendant acted purposefully, knowingly, or recklessly when considering the

2

consequences of her response to the medical condition at issue in the case. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018). Second, the plaintiff must show the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances. *Id.*

Walker provides Pratt's medical records, which show the following:[1] On April 2, 2021, Pratt submitted a mental health request asserting he had impending psychosis and requesting Seroquel. ECF 30-7 at 118. That same day, Pratt was seen by a member of the medical staff and made a request for Seroquel, which was denied by a physician. ECF 30-4 at 36. On April 7, 2021, Pratt made another request for Seroquel and a physician denied his request and prescribed him Zyprexa, a different anti-psychotic medication. *Id.*

Walker attests to the following facts, which the court accepts as undisputed: Walker is the Director of Treatment Services for LaPorte County Jail. ECF 30-3 at 2. In that capacity, Walker provides detainees with therapeutic interventions for managing moods and improving their coping skills. *Id.* She is not able to prescribe medications to detainees. *Id.* Walker did not work the week of April 7, 2021, and was scheduled to return on April 12, 2021. *Id.* at 3. When Walker returned on April 12, 2021, Pratt reported the Zyprexa was working and he was responding and sleeping well. *Id.*

---

[1] Because Pratt did not respond to the summary judgment motion, the Court accepts the contents of Pratt's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

Here, the record contains no evidence that Walker's actions were objectively unreasonable in responding to Pratt's medical condition on April 2, 2021. Specifically, the record contains no evidence regarding what actions Walker took, or failed to take, in response to Pratt's April 2 request for Seroquel. Instead, Pratt's medical records show his April 2 and April 7 requests for Seroquel were denied by physicians and he was instead prescribed Zyprexa, to which he responded well. There is no evidence Walker was involved in Pratt's treatment on April 2, and it is undisputed she had no authority to prescribe Pratt medication. Based on the record before the court, there is no evidence by which a reasonable jury could conclude Walker violated Pratt's Fourteenth Amendment rights by "denying him constitutionally adequate medical treatment for delusional psychosis on April 2, 2021[.]" ECF 4 at 3. Summary judgment is warranted in Walker's favor.

For these reasons, the court:

(1) GRANTS Walker's motion for summary judgment (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of Walker and against Robert Omer Pratt, Jr.

SO ORDERED on April 18, 2022

                                                    s/Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge